IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALTON E. DEAN, | No. CIV S-10-CV-0806 CMK-P |
| Petitioner, | |
| vs. | ORDER |
| ERIK MANESS, | |
| Respondent. | |
| _____/ | |

       Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c) and no other party has been served or appeared in the action. Pending before the court is petitioner's request for leave to proceed in forma pauperis (Doc. 6), and Petitioner's petition for a writ of habeas corpus (Doc. 1).

       Petitioner has submitted the affidavit required by 28 U.S.C. § 1915(a) showing that petitioner is unable to prepay fees and costs or give security therefor. The motion for leave to proceed in forma pauperis will be granted.

       Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any

exhibits annexed to it that the petitioner is not entitled to relief in the district court." In the instant case, it is plain that petitioner is not entitled to federal habeas relief. Petitioner is a pretrial detainee being held at the Sacramento County Jail. He is claiming he is receiving ineffective assistance of counsel in his state criminal proceedings and misconduct by the prosecution.

This court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State Court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Principles of comity and federalism require that this court abstain and not entertain Petitioner's pre-conviction habeas challenge unless he shows that: (1) he has exhausted available state judicial remedies, and (2) "special circumstances" warrant federal intervention. See Carden v. Montana, 626 F.2d 82, 83-84 (9th Cir.1980). Only in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other special circumstances where irreparable injury can be shown is federal injunctive relief against pending state prosecutions appropriate. See id. at 84 (citing Perez v. Ledesma, 401 U.S. 82, 85 (1971)). In his petition, Petitioner makes no such showing of "special circumstances" warranting federal intervention before the trial is held and any appeal is completed. See id. Although he claims the prosecution has a personal interest in his case, he fails to allege any harassment or bad faith. In addition, although he appears to have raised some of these issues with the state trial court, he has not exhausted his state court remedies as to any of his claims.

Based on the foregoing, petitioner is required to show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed, without prejudice. Petitioner is warned that failure to respond to this order may result in dismissal of the petition for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders. See Local Rule 110. If petitioner agrees that

this action should be dismissed without prejudice to renewal following exhaustion of his claims in state court, he should file a request for voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1).

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for leave to proceed in forma pauperis (Doc. 6) is granted; and

2. Petitioner shall show cause in writing, within 30 days of the date of this order, why his petition for a writ of habeas corpus should not be summarily dismissed.

DATED: November 3, 2010

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE